MUNICIPALITY OF
ANCHORAGE, Appellant,

v.

Brian L. BUSSELL, Appellee.

No. A–655.

Court of Appeals of Alaska.

July 12, 1985.

James F. Wolf, Asst. Municipal Prosecutor, and Jerry Wertzbaugher, Municipal Atty., Anchorage, for appellant.

Paul L. Henderson, Henderson and Nogg, P.C., Anchorage, for appellee.

Michael J. Stark, Asst. Atty. Gen., and Norman C. Gorsuch, Atty. Gen., Juneau, for amicus curiae, State of Alaska.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

The municipality challenges a trial court order suspending execution of a mandatory minimum sentence for driving while intoxicated. The order was entered to enable Brian L. Bussell to enroll in an alcoholic rehabilitation program. We vacate the order and remand the case for clarification.

Brian L. Bussell pled *nolo contendere* to a charge of driving while intoxicated. AMC 9.28.020. As a second offender he was subject to a mandatory minimum sentence of twenty days. AMC 9.28.020(C)(2). On August 13, 1984, District Court Judge Christine Schleuss imposed a sentence of ninety days with seventy days suspended. An order to jail officials signed by Judge Schleuss on August 14 stated that Bussell was to report to the jail on September 13, 1984, at 9:00 p.m. to begin service of sentence. On September 12, 1984, Bussell filed a motion to modify sentence, asking that he be allowed to "receive treatment at Far North Recovery Center located in Houston, Alaska, for substance abuse, instead of serving jail time." At a hearing on the matter the next day, Judge Schleuss established that Far North is a state-approved facility, and that those undergoing treatment there are subject to conditions which closely approximate conditions of incarceration. She therefore concluded that

if Bussell spent a period of time at Far North he would be entitled to credit for that time against any mandatory minimum sentence. Judge Schleuss relied on *Lock v. State*, 609 P.2d 539 (Alaska 1980), and *Nygren v. State*, 658 P.2d 141 (Alaska App. 1983). After assuring herself that Bussell understood that he would be subject to three months "after care" at the facility once he was released, Judge Schleuss indicated a willingness to enter an order staying execution of the sentence she had previously imposed so that Bussell could avail himself of treatment at Far North.

The municipality objected to any modification of Bussell's sentence. It relied upon *Rust v. State*, 582 P.2d 134 (Alaska 1978), for the proposition that a trial judge has no authority to tell correctional officials where a prisoner is to be confined once the prisoner is in their custody. Judge Schleuss rejected this argument, concluding that *Rust* is directed at the problem of judges interfering with correction officials with regard to prisoners in their custody. With regard to sentenced prisoners not yet in the custody of the Division of Corrections, Judge Schleuss thought that the clear import of *Lock* and *Nygren* was that the court should consider residential treatment programs as alternatives to incarceration. It would exalt form over substance, she reasoned, to allow credit for time spent in such a facility without allowing courts to send defendants directly to the facility. Nevertheless, Judge Schleuss did not vacate her order imposing sentence. Rather, she vacated Bussell's reporting date to jail and told him that he would receive credit for time spent at Far North if, when he appeared at jail on a specified date he indicated that he had completed the Far North program.

Judge Schleuss stayed the effective date of her order vacating Bussell's reporting date for ten days to permit the municipality to petition for review. The municipality appeals, challenging the sentence imposed as too lenient and illegal. Bussell delayed enrolling in the program at Far North because of "substantial concerns regarding the availability of credit for time served," and challenges this court's jurisdiction to hear the municipality's appeal. In an *amicus curiae* brief, the state argues that "what the Municipality is appealing is a decision by the district court to grant a Criminal Rule 35(b) motion filed by Bussell to modify his sentence, on the ground that the sentence, as modified, is illegal." Bussell counters that this court should decline jurisdiction because no concrete controversy yet exists.

■ We have concluded that the trial court's action raises substantial questions regarding the proper relationship between the trial courts and the correctional system in carrying out mandatory minimum sentences, such as those imposed by AMC 9.28.020. We are particularly concerned that Bussell might rely to his detriment on Judge Schleuss' prediction that he would be given credit for time served, only to discover, at a later time, that this was not so and that he must serve the entire mandatory sentence in addition to any time spent at Far North. We therefore treat the appeal as a petition for review, grant it, vacate Judge Schleuss' order, and remand the matter to the trial court for further consideration in light of our decision.[1]

■ *Lock* and *Nygren* allow a person credit for time served in a therapeutic community against a sentence subsequently imposed, but only where the individual is confined in the therapeutic program by virtue of a court order validly issued requiring that he or she remain there. A person free on bail awaiting trial or sentencing may, in the absence of court order, voluntarily enroll in a therapeutic community without earning credit against a subsequent sentence even if he does so in order to evi-

---

**1.** Judge Schleuss' analysis is somewhat ambiguous and should be clarified on remand. It is not clear whether Judge Schleuss intended to sentence Bussell to serve his mandatory minimum sentence at Far North, an action which might conflict with *Rust*, or postponed sentencing on the assumption that any intervening time Bussell spent in a restrictive environment would be credited against his mandatory minimum sentence by operation of law.

dence his rehabilitation and persuade the court that a lenient sentence is warranted. There is nothing in this record indicating that Judge Schleuss ever purported to enter an order requiring Bussell to be lodged at the Far North Recovery Center, either as a condition of pretrial release or as a condition of post-conviction probation. Therefore, on this record, there is no basis for predicting that any time Bussell spent at the Far North Recovery Center could be credited against the mandatory sentence provided in AMC 9.28.020(C)(2). In reaching this conclusion, we emphasize that we are not deciding whether someone in Bussell's situation may not be ordered to participate in a therapeutic community as a valid condition of pretrial release or post-conviction probation. No such order was ever issued in this case. Judge Schleuss'

order suspending execution of sentence may have been predicated on the mistaken belief that any time voluntarily spent in a restrictive environment automatically entitled Bussell to credit for time served.[2] We therefore vacate the order and remand the case to the trial court for further proceedings consistent with this opinion.

The order of the district court suspending execution of sentence is VACATED. This case is REMANDED for further proceedings.

---

**2.** *See* note 1, *supra.*